**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILDY PETIT FRERE,<br><br>       Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>       Respondent. | No.   18-71772<br><br>Agency No. A209-865-210<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Wildy Petit Frere, a native and citizen of Haiti, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies and omissions in Petit Frere's testimony, credible fear interview, asylum declaration, and documentary evidence, as to the number of times he was attacked in Haiti, the dates of the attacks, and the type of medical treatment he received. *See id*. at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Thus, in the absence of credible testimony, in this case, we deny the petition for review as to Petit Frere's asylum and withholding of removal claims. *See Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014).

Petit Frere's CAT claim also fails because it is based on the same testimony the agency found not credible, and Petit Frere does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be

tortured by or with the consent or acquiescence of the government of Haiti or

Brazil.  *See Almaghzar v. Gonzale*s, 457 F.3d 915, 922-23 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**